UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH,** § § § § | |
| **PLAINTIFF** § | |
| § | |
| v. § | CIVIL ACTION NO. 5:25-cv-01136 |
| § | |
| **SIEMENS INDUSTRY, INC.,** § | |
| **DEFENDANT** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Bexar County Hospital District d/b/a University Health, Plaintiff herein, files this Original Complaint against Siemens Industry, Inc. and, in support, respectfully shows the following:

### PARTIES

1. Plaintiff is a Texas Hospital District, lawfully established pursuant to Chapter 281 of the Texas Health and Safety Code with all powers and rights that have been granted under Article IX, Section 9 of the Texas Constitution, Chapter 281 of the Texas Health and Safety Code, and all other applicable laws.

2. Siemens Industry, Inc. is a Delaware corporation doing business in Texas, that may be served with process via its registered agent, CT Corp System, at 1999 Bryan St. Ste. 900, Dallas Texas or wherever else it may be served.

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, in that Plaintiff is a Texas Hospital District, and

Defendant is a Delaware corporation, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Court has personal jurisdiction over the parties because this lawsuit arises out of and is related to the parties' contacts in Texas and this District.

4. Venue is proper in this District and Division under 28 U.S.C. § 1391 because a substantial part of the events and acts or omissions giving rise to these claims, including the loss at issue, occurred in Bexar County, Texas, which is located in this District and Division.

## FACTS

5. In or around September 2019, Plaintiff entered into a five-year contract with Defendant Siemens Industry, Inc. ("Siemens") for Fire System, Sprinkler & Suppression System Preventative Maintenance, Parts & Repairs Services ("Contract"). Under the Contract, Siemens agreed to properly perform sprinkler installation and maintenance services. Among other obligations, Siemens expressly warranted that it would perform its services in a professional and workmanlike manner.

6. On November 21, 2023, during a routine service, a Siemens employee negligently failed to shut off the appropriate water line before removing a sprinkler head. As a result, a substantial volume of water was released, causing catastrophic flooding on the main level and extensive damage to the building's elevator systems.

7. On December 1, 2023, Plaintiff provided a Notice of Claim to both Siemens and Siemens' insurance carrier. Despite that notice, Siemens failed to respond, and its insurance carrier did not adequately address the documentation evidencing the damages and associated repair costs. Due to this inaction, Plaintiff was forced to file a claim with its own insurance provider.

8. Although insurance proceeds covered part of the losses, Plaintiff incurred a non-reimbursable deductible, for which Siemens is directly responsible. Plaintiff demanded payment

for the deductible and all other damages not covered by insurance. Despite receiving proper notice, Siemens denied liability and refused to compensate Plaintiff.

9. To date, Plaintiff has incurred out-of-pocket expenses of at least $250,000.00 as a result of Siemens' conduct and refusal to accept responsibility.

## CAUSES OF ACTION

10. Plaintiff asserts the following causes of action against Siemens:

### COUNT 1: BREACH OF CONTRACT

11. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

12. Plaintiff and Siemens entered into a valid, binding written contract in or around September 2019 under which Siemens agreed to perform preventative maintenance and repair services on fire suppression and sprinkler systems.

13. Plaintiff fully performed its duties under the Contract. Siemens materially breached the Contract by negligently failing to shut off the appropriate water line before removing a sprinkler head, which caused extensive flooding and property damage.

14. Siemens' breach of the contract directly and proximately caused damages to Plaintiff in the principal amount of $175,000.00 plus costs and attorneys' fees.

### COUNT 2: BREACH OF EXPRESS WARRANTY

15. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

16. Siemens expressly warranted in the Contract that it would perform its services in a professional and workmanlike manner.

17. Siemens breached this express warranty by performing its services negligently and without adequate safeguards, directly resulting in property damage to Plaintiff's facility. Plaintiff relied on Siemens' express warranty in entering into the Contract.

18. Plaintiff adequately notified Siemens of this breach by providing a Notice of Claim to Siemens and its insurance carrier.

19. Siemens' breach directly caused Plaintiff to suffer financial losses, including but not limited to out-of-pocket expenses and uninsured repair costs.

## CONDITIONS PRECEDENT

20. All conditions precedent to Plaintiff's right to bring the claims described herein have been satisfied.

## ATTORNEYS' FEES

21. Plaintiff has presented its claims upon Siemens. Plaintiff is entitled to, and seeks, recovery of its reasonable and necessary attorneys' fees pursuant chapter 38.001 of the Texas Civil Practice and Remedies Code and all other applicable statutes or rules that would afford Plaintiff such relief.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER

Therefore, Plaintiff prays that the Court enter judgment in its favor and against Siemens for all causes of action asserted herein and further award Plaintiff the following damages:

a) All economic damages;

b) All actual damages;

c) Pre- and post-judgment interest at the maximum rate provided by law;

d) All court costs;

e) Plaintiff's reasonable and necessary attorneys' fees; and

f) All other relief to which Plaintiff may be justly entitled at law or in equity.

                Respectfully submitted,

                COKINOS | YOUNG
                10999 West IH-10, Suite 800
                San Antonio, Texas 78230
                Telephone: (210) 293-8700

By:   */s/ Stephanie O'Rourke*
       Stephanie O'Rourke
       State Bar No. 15310800
       sorourke@cokinoslaw.com
       Kyle A. Zunker
       State Bar No. 24098665
       kzunker@cokinoslaw.com
       Amanda Ornelas Arreguin
       State Bar No. 24121041
       aarreguin@CokinosLaw.com

**ATTORNEYS FOR PLAINTIFF**
**BEXAR COUNTY HOSPITAL DISTRICT D/B/A UNIVERSITY HEALTH**